IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**KENWASKI POWELL**                                                                               **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO.  3:08-cv-125-TSL-JCS**

**WILLIAM LABARRE**                                                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**

     The plaintiff, an inmate of the Hinds County Detention Center, Raymond, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983. On March 7, 2008, an order [5] was entered which directed the plaintiff to fully complete, sign and file a form entitled "FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983," within twenty days.  The plaintiff was warned in this court order that his failure to keep this court informed of his current address or his failure to timely comply with the requirements of the order would lead to the dismissal of his complaint.  Plaintiff failed to comply with this order.

     On April 21, 2008, an order [7] was entered directing the plaintiff to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the court's March 7, 2008 order.  In addition, plaintiff was directed to comply with the court's March 7, 2008 order by filing the required documentation, within fifteen days.  The show cause order warned plaintiff that his failure to keep this court informed of his current address or his failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice.  On April 29, 2008, the envelope containing the show cause order was returned by the postal service as undeliverable.

     Plaintiff has failed to comply with two court orders.  This court has the authority to dismiss

an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. *Id*. at 629-30.

The plaintiff has not provided a forwarding address nor has he contacted this court since March 10, 2008. The court concludes that dismissal of this action for plaintiff's failure to comply with the orders of the court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the defendant has not been called on to respond to plaintiff's pleading, and the court has not considered the merits of plaintiff's claims, the court's order of dismissal is without prejudice. *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A final judgment in accordance with this memorandum opinion and order will be entered.

SO ORDERED, this the 2nd day of June, 2008.


      /s/Tom S. Lee
      UNITED STATES DISTRICT JUDGE